IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION
Case No. 00-6139-CIV-Ferguson
Magistrate Judge Snow

AILENE COLINI,

    Plaintiff,

v.

HUMANA INC.,

    Defendant.

_____/

### MEMORANDUM IN SUPPORT OF DEFENDANT'S
### MOTION FOR STAY OF PROCEEDINGS

Defendant respectfully requests a stay of all proceedings in this action. This case, along with twelve related actions pending in other federal district courts around the country, is the subject of a motion to transfer and consolidate pursuant to 28 U.S.C § 1407(a) and the Rules of the Judicial Panel on Multidistrict Litigation (the "MDL Panel"). Judges in related actions have already recognized that a stay is appropriate and would serve the objectives of the MDL process – namely, judicial economy and the avoidance of inconsistent pretrial rulings. (*See* orders granting motions to stay in *Johnson v. Humana Inc. (Aspen, C.J.)* and *Landry v. Humana Inc. (Pickering, J.)* attached at Tabs 1-2.) As in these other cases, a stay here would not prejudice plaintiff's claims because this litigation is still at the earliest stage before this Court and no harm will come to her or this Court from having to wait for the MDL Panel to rule.

DC1:423366.1

## BACKGROUND

This is one of thirteen actions brought in four different states on behalf of purported nationwide classes consisting of managed care participants or providers against Humana Inc. and several of its affiliates.[1] The material allegations in these thirteen actions are strikingly similar. Each action accuses Humana Inc. or its affiliates of providing improper financial incentives to physician providers, and using cost containment practices like utilization review and capitation, despite the fact that they are specifically authorized by federal and state law. Each action alleges that Humana Inc. or its affiliates engaged in "downcoding," a practice in which defendants are accused of wrongfully altering procedure codes to lower reimbursements to providers. (Compl. ¶22(a).) And each action seeks certification of a nationwide class of either participants or providers.

On December 16, 1999, Humana Inc. moved before the MDL Panel for an order transferring four actions to a single district court and consolidating them for pretrial proceedings. Humana Inc.'s motion argues that the four actions fit perfectly the statutory prerequisites for transfer and consolidation under 28 U.S.C. § 1407(a): (1) they "involv[e] one or more common questions of fact," given the substantial similarity between the complaints; (2) transfer will further "the convenience of the parties and witnesses"; and (3) transfer "will promote the just and efficient conduct of [the] actions" by ensuring centralized oversight of pretrial fact development in what are likely to be highly complex and document-intensive actions, and so minimizing waste and inefficiency in the conduct of discovery. 28 U.S.C. § 1407(a). Humana Inc. has

---

[1] The other actions pending before the MDL Panel are *Landry v. Humana Inc.*, filed in the Southern District of Mississippi, Case No. 2:99 CV 325PG; *Johnson v. Humana, Inc.*, filed in the Northern District of Illinois, Case No. 99C-7602; *Shane v. Humana Inc.* filed in the Western District of Kentucky; and the following cases which are all filed in the Southern District of Florida: *Messina v. Humana Inc.* Case No. 99-3309 CIV-Moreno; *Weinger v. Humana Inc.*, Case No. 99-9108 CIV-Ryskamp; *Smart v. Humana Inc.* Case No. 00-6140 CIV-Ungaro-Benages; *Lewinsohn v. Humana Inc.*, Case No. 00-6138 CIV-Moore; *Guesby v. Humana Inc.*, Case No. 00-6136 CIV-Zloch; (cont'd)

recommended to the MDL Panel that it name the Western District of Kentucky as the transferee court. Humana Inc. is headquartered in Louisville, Kentucky, so that venue would be convenient to the majority of witnesses and documents likely to be required for pretrial proceedings.

Since Human Inc. filed its motion before the MDL Panel, it has notified the Panel on two occasions of nine additional cases that were filed subsequent to its motion that it believes be a "tag-along" actions raising the same factual issues and requiring discovery of the same witnesses and documents as the other cases referred to the MDL Panel for consolidation. The MDL Panel was notified of Humana Inc.'s belief that this case constitutes a "tag-along" action on February 8, 2000.

All thirteen actions are at the earliest stages of litigation. Motions to dismiss have been filed in *Johnson*, *Messina* and *Price*, though those motions have not all been fully briefed and submitted for consideration by the respective courts. In addition, motions to dismiss were filed today in *Colini*, *Guesby*, *Lewinsohn* and this case. Motions for stay have been granted in *Johnson* and *Landry*, and similar motions are pending in *Price*, *Messina* and *Smart*. Today, Humana Inc. filed motions for stay in *Colini*, *Guesby* and *Lewinsohn*. There has been no discovery in any of the thirteen actions. In short, these actions are still in their infancy, and a stay by this Court would therefore not intrude upon the consideration of any difficult or dispositive issue before it, since no such issues have yet arisen in this nascent litigation.

## ARGUMENT

### A STAY OF PROCEEDINGS WOULD FURTHER THE PURPOSES OF 28 U.S.C. § 1407.

---

*Rothman v. Humana Inc.*, Case No. 00-6132 CIV-Gold; *Lewen v. Humana Inc.*, Case No. 00-6130 CIV-Ferguson; *Berrios v. Humana Inc.*, Case No. 00-6131 CIV-Zloch; and *Price v. Humana Inc.* Case No. 99-8763 CIV-Moreno.

Pursuant to 28 U.S.C. § 1407, the Judicial Panel for Multidistrict Litigation will transfer and consolidate multiple actions filed in several district courts in order to conduct coordinated pretrial proceedings, where three conditions are met: (1) the cases "involv[e] one or more common questions of fact"; (2) transfer will further "the convenience of the parties and witnesses"; and (3) transfer "will promote the just and efficient conduct of [the] actions." 28 U.S.C. § 1407. "The purpose of such transfers is to further judicial economy and to eliminate the potential for conflicting pretrial rulings." *Good v. Prudential Ins. Co. of America*, 5 F. Supp.2d 804, 809 (N.D. Cal. 1998). To help achieve these goals, "[c]ourts frequently grant stays pending a decision by the MDL Panel whether to transfer a case." *Id.* The decision whether to stay proceedings is within the discretion of the district court. *See American Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 WL 102762, at *1 (E.D. Pa. May 7, 1992). A stay in this case, pending the MDL Panel's decision whether to consolidate and transfer the thirteen virtually identical purported class actions against Humana Inc., would further judicial economy and eliminate the potential for conflicting pretrial rulings. Accordingly, this Court should enter an order staying proceedings pending the decision of the MDL Panel.

A.      **Judicial Economy Favors A Stay.**

That judicial economy would be served by a stay of proceedings in this case is evident from the fact that "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation if the MDL Panel does not consolidate the . . . cases in this Court." *Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360-61 (C.D. Cal. 1997). A stay of proceedings now, before this Court has had occasion to engage in efforts that are likely to be duplicated by the transferee court, would spare this Court time and effort that could be devoted to other cases.

Similarly, the fact that this case is still at a preliminary stage means this Court has not yet had to learn every aspect of a complicated case whose factual underpinnings require some knowledge of a broad range of practices common to the managed care industry. Thus, if the Court declines to grant a stay and these actions are transferred by the MDL Panel, "this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge." *Id.* at 1360. In short, a stay would further judicial economy by obviating the need for this Court to expend time and effort engaging in case management and addressing issues sure to be dealt with by the transferee court.

A stay would also help eliminate duplicative motions and pretrial proceedings before the various courts in which these actions are proceeding. The complaints in these thirteen cases are virtually identical and challenge identical policies and practices. Most of the cases seek certification of overlapping – indeed, virtually identical – classes. Thus, there is a clear potential here for conflicting rulings on similar issues raised in each of the district courts, as well as conflicting or duplicative discovery proceedings. "The law favors coordination of related cases in order to eliminate the risk that parties will have to put forth duplicative cases or defenses or engage in duplicative pretrial tasks." *Portnoy v. Zenith Laboratories*, 1987 WL 10236, at *1 (D.D.C. April 21, 1987). Such duplication is to be avoided not just to ensure that complex actions are tried efficiently, but also to avoid the possibility that parties will be faced with inconsistent rulings from different courts addressing the same issues. *See, e.g., Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 48 F.Supp.2d 37, 43 (D.D.C. 1999); *American Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) ("[T]he defendants may be forced to prosecute or defend similar motions twice and the decisions of this Court and the Northern District [of Mississippi] may be in conflict. The duplicative

motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of the stay.").

**B.     Plaintiff Will Not Be Prejudiced By A Stay.**

A stay in this case would thus further the purposes of 28 U.S.C. § 1407 by preserving judicial economy and avoiding the possibility of duplicative and/or inconsistent rulings and pretrial proceedings in this Court. Because this action has not yet progressed past its earliest stages, plaintiff will suffer *no* prejudice if this Court stays proceedings until the MDL Panel has had an opportunity to decide whether and where to transfer this action for further pretrial proceedings. *See, e.g., Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, 1991 WL 13725, at *1 (D.N.J. Feb. 1, 1991) (questioning plaintiffs' claim that they would be prejudiced by stay pending decision of MDL Panel, where plaintiffs admitted unlikelihood that much pretrial discovery would occur between date of stay order and issuance of MDL Panel's order).

**C.     Courts Have Routinely Granted Similar Requests.**

Where a stay of proceedings would, as here, promote the objectives of the MDL process and no particular prejudice would be caused by a stay, courts have repeatedly stayed all proceedings until the MDL Panel has had a chance to consider a transfer motion pursuant to 28 U.S.C. § 1407. *See, e.g., Aetna U.S. Healthcare*, 48 F.Supp.2d at 43; *Good*, 5 F.Supp.2d at 809; *Rivers*, 980 F.Supp. at 1361-62; *American Seafood*, 1992 WL 102762, at *2; *Arthur-Magna*, 1991 WL 13725, at *2; *Portnoy*, 1987 WL 10236, at *1; *Egon v. Del-Val Fin. Corp.*, 1991 WL 13726, at *1-2 (D.N.J. Feb. 1, 1991).

## CONCLUSION

Given this combination of circumstances – a pending motion before the MDL Panel for transfer and consolidation of this and other actions, and the likelihood that pretrial proceedings before this Court will be duplicative of proceedings before the transferee court and that decisions by this Court may conflict with decisions by the transferee court – a stay of this action pending the MDL Panel's decision whether and where to transfer and consolidate this action will further the purposes of 28 U.S.C. § 1407.

For the foregoing reasons, Defendant respectfully requests that its Motion to Stay Proceedings be granted. A proposed order to that effect is attached.

*Of counsel:*

O'MELVENY & MYERS LLP
555 13th Street, N.W.
Suite 500 West
Washington, D.C. 20004
(202) 383-5300

Respectfully submitted,

_____
Peter A. Sachs
Florida Bar No. 349062
JONES, FOSTER, JOHNSTON
  & STUBBS, P.A.
505 South Flagler Drive, Suite 1100
Post Office Box 3475
West Palm Beach, Florida 33402-3475

Counsel for Defendant Humana Inc.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail on James Fox Miller, Esquire, Charles Fox Miller, Esquire, Greg A. Lewen, Esquire, 2435 Hollywood Boulevard, Hollywood, FL 33020 on this 22nd day of February, 2000.

Of Counsel:
O'MELVENY & MYERS LLP
555 13th Street, N.W.
Suite 500 West
Washington, D.C.
(202) 383-5300

JONES, FOSTER, JOHNSTON & STUBBS, P.A.
Attorneys for Defendant
505 South Flagler Drive, Suite 1100
Post Office Box 3475
West Palm Beach, Florida 33402-3475
(561) 659-3000

By: _____
Peter A. Sachs
Florida Bar No. 349062

N:\PAS\humanageneral\certservice4.wpd

# ADDITIONAL ATTACHMENTS NOT SCANNED

PLEASE REFER TO COURT FILE